UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD JEAN-BAPTISTE**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE**, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-02968 (TNM) |

### MEMORANDUM OPINION

Harold Jean-Baptiste again sues the Department of Justice, the Federal Bureau of Investigation, and various officials associated with them. He alleges that they orchestrated a grand plot to monitor his communications and kidnap him from a Rosedale, New York, post office. Just as before, the Court will dismiss this Complaint.

### I.

The Court briefly recounts the factual allegations here, as pleaded in Jean-Baptiste's Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Jean-Baptiste alleges that, in September 2023, the Government "tracked [his] electronic habits" and that, by doing so, it learned that he would be going to the post office one morning. Compl. ¶ 6, ECF No. 1. While at the post office, Jean-Baptiste alleges that he "noticed two Indian background FBI Agents" waiting near the front door. *Id*. He alleges that "Tasha," a post office employee, opened a secret employee-entrance door to allow the FBI agents to abduct him through the secret door. *Id*. Upon discovering this alleged plot, Jean-Baptiste alleges that he "prepared a defense mechanism" that he carries on him "at all times for this potential

kidnapping." *Id*.  But, he says, the Government's scheme was foiled when two innocent bystanders entered the building and obstructed the agents' access to him.  *Id*.

That sums up Jean-Baptiste's factual allegations.  The rest of his Complaint comprises various ad hominem attacks on individuals he thinks conspired against him.  *See* Compl. ¶ 10 (deploring the "monovalent, [*sic*] cruel actions" of the alleged agents); *id*. (calling the alleged agents "psychopath[ic]" and filled with "pure evil or rage"); *id*. (describing the alleged agents as "child of the [*sic*] Lucifer," claiming that "calling this FBI Special Agent In Charge an animal would be an insult to the animal kingdom," and stating that "this FBI Special Agent In Charge must not be a human," among other things).  From these facts, Jean-Baptiste claims that the Defendants are liable under the Electronic Communications Privacy Act of 1986 (also known as the Wiretap Act); 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986; 18 U.S.C. § 241; the Fourth and Ninth Amendments to the Constitution; the common law of negligence; and "cruel and human rights violations."  *Id*. p.1 & ¶ 11.

## II.

Jean-Baptiste's claims bear great resemblance to those already addressed by the Court in his related case.  *See Jean-Baptiste v. U.S. Dep't of Just.*, 2023 WL 8600569 (D.D.C. Dec. 12, 2023).  So the Court's analysis here largely tracks that there.  Even according Jean-Baptiste the special solicitude *pro se* plaintiffs receive, *see Yellen v. U.S. Bank, Nat'l Assoc.,* 301 F. Supp. 3d 43, 47 (D.D.C. 2018) (describing more lenient standards), his claims again fail.

Start with Jean-Baptiste's civil rights claims:

> Neither 42 U.S.C. § 1981 nor § 1983 applies to the federal government or federal officers.  *See Davis v. U.S. Dep't of Just.*, 204 F.3d 723, 725 (7th Cir. 2000) ("[B]y its language, § 1981 does not apply to actions taken under color of federal law."); *Bundy v. Sessions*, 387 F. Supp. 3d 121, 127 (D.D.C. 2019) ("Section 1983 does not apply to federal officials acting under color of federal law."), *aff'd*, 812 F. App'x. 1 (D.C. Cir. 2020).  More, the Government and its

2

>officers are absolutely immune from suit under § 1985. *See Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006). And a § 1986 claim requires a predicate § 1985 offense. *See* 42 U.S.C. § 1986. So the failure of Jean-Baptiste's § 1985(3) claim dooms his § 1986 claim.

*Jean-Baptiste I,* 2023 WL 8600569, at *1.

Now his criminal and constitutional claims. First, the § 241 claim fails because private parties lack both standing and a cause of action to enforce the criminal law. *United States v. Texas*, 599 U.S. 670, 677 (2023). And his Fourth and Ninth Amendment claims fail because there is no private cause of action to enforce either amendment in this context. *See Egbert v. Boule*, 596 U.S. 482, 490–93 (2022) (describing the limited context in which there is an inferred private cause of action to enforce the Fourth Amendment); *Bond v. United States*, 564 U.S. 211, 218 (2011) (citing *Tenn. Elec. Power Co. v. Tenn. Valley Auth.*, 306 U.S. 118, 144 (1939)) (noting that there is no private cause of action to enforce the Ninth Amendment).

Next, his negligence claim. This fails because Jean-Baptiste has not alleged any breach of a duty of care that he was owed. If anything, he alleged intentional conduct, not negligence. Moreover,

>Jean-Baptiste alleges that Government agents torted him by attempting to kidnap him. But attempted kidnap is not a tort. Indeed, American law seldom recognizes inchoate torts. *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 457 (7th Cir. 1982) ("Because[] . . . there is no concept of an inchoate tort, wrongdoing that has no impact is not tortious.").

*Jean-Baptiste I*, 2023 WL 8600569, at *2. And

>[m]ore fundamentally, Jean-Baptiste lacks standing to levy such a claim in federal court. For a plaintiff to sue in federal court, he must have suffered a "concrete and particularized" injury that is "actual or imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). But Jean-Baptiste suffered no injury.

*Jean-Baptiste I*, 2023 WL 8600569, at *2.

3

He alleges that federal agents stood outside a post office to kidnap him, but that they did nothing because other patrons were present. Compl. ¶ 6. "He suffered no physical, financial, stigmatic, or emotional harm because of this[] . . . encounter. Since he suffered no injury, he lacks standing. So this claim, too, must be dismissed." *Jean-Baptiste I*, 2023 WL 8600569, at *2.

Finally, his sundry remaining claims. Jean-Baptiste's claim under the Wiretap Act fails because he has not plausibly alleged any facts suggesting that the Government wiretapped him or otherwise monitored his communications. Indeed, apart from his conclusory say-so, he pleaded no facts at all that suggest the Government did what he claims. *See* Compl. ¶¶ 6, 13. And last, his "cruel and human rights violations" claim fails because it does not identify any substantive legal basis for liability. *Jean-Baptiste I*, 2023 WL 8600569, at *2.

While these are grounds to dismiss Jean-Baptiste's Complaint on the merits, Fed. R. Civ. P. 12(b)(6), they are also grounds to dismiss for lack of jurisdiction, Fed. R. Civ. P. 12(b)(5). *Accord Jean-Baptiste I*, 2023 WL 8600569, at *2–3 & n.1. The D.C. Circuit has explained that complaints founded on "bizarre conspiracy theories" qualify as the kind of "wholly insubstantial" and "obviously frivolous" complaints over which a federal court lacks jurisdiction. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994); *see also Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974).

Jean-Baptiste's Complaint fits the bill. It alleges a vast government conspiracy directed against him for reasons unknown. This is essentially no different from his previous fantastical claims, which the Court already dismissed as "fanciful" and "implausible." *Jean-Baptiste I*, 2023 WL 8600569, at *3. So the Court lacks jurisdiction over Jean-Baptiste's Complaint, and will dismiss it. *See* Fed. R. Civ. P. 12(h)(3).

A separate order will issue today.

Dated: January 24, 2024                                              TREVOR N. McFADDEN, U.S.D.J.

5